STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of                }
   Stuart L. Richards         }         Docket No. 236-12-99 Vtec

## Decision and Order on Appellee-Applicant's Second Motion for Summary Judgment

Appellant appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Norwich, granting a permit to Paul Nowicki for the construction of a single-family residence at 84 Elm Street. Appellant is represented by John D. Hansen, Esq.; Appellee-Applicant Paul Nowicki is represented by Laura O'Connor, Esq. and John C. Candon, Esq.; the Town of Norwich is represented by its Zoning Administrator, Phil Dechert, who is not an attorney.  A number of neighbors have entered their appearance individually as interested parties in opposition to the grant of the permit, but have not participated in the pretrial motions.

After disposing of the issues relating to merger or non-merger of the two lots, the Court set a hearing on the merits of the only remaining issue: whether the sewage system designed and permitted for Parcel 2 will violate the performance  standards of the Norwich Zoning Regulations regarding "objectionable odor."   Appellee-Applicant has now moved for summary judgment on that issue, objecting to the setting of hearing on the merits of that issue.

Appellee-Applicant argues that the Town's grant of a septic system permit as an innovative system precludes Appellant from arguing in this Court that the approved septic system will violate the performance standards of the Zoning Regulations. The test for an innovative system under the Town's on-site septic regulations appears to be whether the system is consistent with the protection of public health and safety.  The odor performance standard under §6.1 of the Zoning Regulations is that no "objectionable odors" be created.  That phrase is defined by a reasonable person standard in §5.24.  The two standards are not identical.  That is, it is at least theoretically possible for a septic system to be consistent

1

with the protection of public health and safety, in that sewage does not rise to the surface or contaminate groundwater, and yet that it might create objectionable odors. Appellant is entitled to present evidence on the issue of whether the approved septic system will create objectionable odors as that term is defined in §5.24.

However, because of the evident history of the litigation between the parties, we must note that Appellant will not be permitted to relitigate any issues of whether the approved system complies with the state on-site sewage standards or whether it complies with the Town's septic ordinance. The only and very limited issue before the Court is whether the approved septic system will create objectionable odors.

Accordingly, based on the foregoing, Appellee-Applicant's Motion for Summary Judgment is DENIED, and therefore Appellee-Applicant's Motion for Sanctions is also DENIED. The hearing on the issue remaining in this matter is hereby scheduled for Wednesday, April 26, 2000 from 9:00 a.m. to noon at the Windsor Superior Courthouse in Woodstock. The Court will expect the parties to be prepared to file any trial memoranda and requests for findings at that hearing, whether in writing or orally, and will allow oral argument at the close of the evidence so as to be able to issue a final ruling in this matter on the record at the hearing.

Done at Barre, Vermont, this 5th day of April, 2000.

_____
Merideth Wright
Environmental Judge